UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRAUS McCLOUD,

               Petitioner,        CASE NO. 13-13572
                                            HONORABLE GERSHWIN A. DRAIN

v.

DUNCAN MacLAREN,

               Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [dkt. 2], AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED

I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Andraus McCloud, ("Petitioner") was convicted in the Genesee Circuit Court of second-degree murder, armed robbery, and first-degree home invasion. The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may complete exhaustion of several of his habeas claims. For the reasons stated below, the Court DENIES Petitioner's motion and orders Petitioner to SHOW CAUSE why the case should not be dismissed for failure to comply with the statute of limitations.

II.

Following Petitioner's conviction, he filed an appeal of right in the Michigan Court of Appeals, raising several of his habeas claims. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. McCloud*, No. 279551 (Mich. Ct. App. March 20, 2009). On September 11, 2009, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People v. McCloud*, No. 138821 (Mich. Sup. Ct. Sep. 11, 2009). For statute-of-limitations purposes, his conviction became final 90 days

later, when the time for filing a petition for writ of certiorari expired, on December 10, 2009. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Petitioner states that on December 21, 2010, he filed a motion for relief from judgment in the trial court which raised the remainder of what now form his habeas claims. If Petitioner is accurately stating the date on which he filed the motion in the state trial court, he did so eleven days after the one-year limitations period for filing the instant habeas petition expired. *See* 28 U.S.C. § 2244(d)(1). Petitioner's motion for a stay states that his appeal from the denial of his post-conviction motion is still pending in the Michigan Supreme Court. In fact, the Michigan Supreme Court recently denied leave to appeal on September 30, 2013. *People v. McCloud*, No. 147070 (Mich. Sup. Ct. Sep. 30, 2013).

### III.

Petitioner's motion requests an order staying his habeas petition and holding it in abeyance while he completes exhaustion of his state court remedies.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277. Now that Petitioner has completed state court review of his post-conviction claims, however, he is no longer in need of a stay - all of his habeas claims appear to be exhausted.

It appears, though, that Petitioner faces a different obstacle. A preliminary question in this case is whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006). Petitioner completed direct review of his conviction on December 10, 2009, when the time for him to file a petition for a writ of certiorari in the United States Supreme Court expired. He apparently waited over one year, or until December 21, 2010, to file his motion for relief from judgement in the state trial court. While this motion would typically toll the limitations period, by the time it was filed, the period had apparently already expired. *Patterson v. Lafler*, 455 Fed. Appx. 606, 608 (6th Cir. 2012); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed by Petitioner in the Michigan state courts cannot serve to toll or avoid the statute of limitation provided in 28 U.S.C. § 2244(d)(1). *Payton*, 256 F.3d at 408. Accordingly, it appears that the petition was untimely filed.

Because Petitioner has not yet been given an opportunity to address the timeliness of his petition, however, the Court will give Petitioner thirty (30) days from the date of this order to do so.

IV.

Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance of his habeas proceedings.

Petitioner must **SHOW CAUSE** within thirty (30) days of the date of this order why his habeas petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

s/Gershwin A Drain
Honorable Gershwin A. Drain

Dated: November 6, 2013                                          United States District Judge


## CERTIFICATE OF SERVICE

Copies of this Order were served upon the attorneys of record and/or the parties of record by electronic and/or US Postal first class mail on November 6, 2013.

 s/Tanya R Bankston

Deputy Clerk/Case Manager for Judge Drain

-4-